IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JABARI LUCKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-090 |
| | ) | |
| JACK HANCOCK, Officer, | ) | |
| | ) | |
| Defendants. | ) | |

_ _ _ _ _ _

| | | |
|---|---|---|
| JABARI LUCKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-199 |
| | ) | |
| RANDALL CHAMBERS; GARRY MCCORD; and NAPOLEAN JONES, | ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff commenced the above-captioned cases, proceeding *pro se* in both. See <u>Luckett v. Hancock</u>, CV 119-090 (S.D. Ga. June 19, 2019) (hereinafter "CV 119-090"); <u>Luckett v. Chambers</u>, CV 119-199 (S.D. Ga. Nov. 20, 2019) (hereinafter "CV 119-199"). On June 19, 2019, Plaintiff filed CV 119-090 and is proceeding *in forma pauperis* ("IFP"). CV 119-090, doc. no. 3. After screening Plaintiff's complaint, the Court allowed Plaintiff to proceed with claims against Officer Hancock, a police officer in Wrens, Georgia, for false arrest and malicious prosecution allegedly occurring sometime between September, 2016 and

September, 2017 in Wrens, Georgia. See CV 119-090, doc. nos. 1, 4, 6, 9. Currently, CV 119-090 is in discovery and Officer Hancock has filed a motion to dismiss, which is pending before the presiding District Judge. CV 119-090, doc nos. 18, 23.

On November 20, 2019, Plaintiff filed CV 119-199 and also seeks to proceed IFP. CV 119-199, doc. nos. 1, 2. In CV 119-199, Plaintiff alleges Randall Chambers, a Columbia County, Georgia Investigator, Gary McCord, Chief of Police in Wrens, Georgia, and Napolean Jones, a police officer in Wrens, Georgia, conspired against Plaintiff and are liable for false arrest and malicious prosecution, which led to Plaintiff's incarceration from September, 2016 through November, 2017. CV 119-199, doc. no. 1. In Plaintiff's factual allegations, Plaintiff cites to the "discovery" in this case and states "[p]lease allow proof inside of discovery info[rmation] to be revealed promptly," but Plaintiff does not cite the "discovery" to which he refers. Id.

Upon review of Plaintiff's two cases, it is unclear if Plaintiff intends to litigate two separate civil actions or file an amended complaint adding Defendants Randall Chambers, Gary McCord, and Napolean Jones to CV 119-090. Although the alleged dates in each complaint are slightly different, they overlap such that they could not have occurred at the same time. See CV119-090, doc. no. 1; CV 119-199, doc. no. 1. More importantly, it is clear Plaintiff's two cases are related by the same claims and allegedly involve related Defendants, i.e. police officers involved in Plaintiff's arrest in September, 2016. See CV119-090, doc. no. 1; CV 119-199, doc. no. 1. Also, Plaintiff filed CV 119-199 prior to the deadline for filing motions to amend and add parties in CV 119-090, which is December 16, 2019. See CV 119-090, doc. no. 23. Therefore, it appears Plaintiff may have intended to simply file an amended complaint in CV 119-090.

Further, if the Court were to grant Plaintiff's motion to proceed IFP in CV 119-199, Plaintiff's complaint would be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the Court may dismiss the complaint or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B).

The Court cannot conduct a meaningful initial review of Plaintiff's complaint in CV 119-199 because in its current form, the pleading falls short of the requirements of the Federal Rules of Civil Procedure that the complaint provide a "short, plaint statement" of the claims entitling a plaintiff to relief. Under Fed. R. Civ. P. 8(a), Plaintiff must proffer a short and plain statement (1) detailing the Court's jurisdiction, (2) showing he is entitled to relief, and (3) demanding judgment for the relief he seeks. In the complaint's current form, the Court is unable to discern the factual allegations Plaintiff is attributing to each Defendant because Plaintiff merely alleges the facts as found or stated in "discovery," rather than specifically alleging them in his complaint. See CV 119-199, doc. no. 1. Thus, Plaintiff would be required to move to amend in each case no matter his intention.

Accordingly, Plaintiff shall have fourteen days from the date of this Order to notify the Court whether he intends to litigate CV 119-090 and CV 119-199 as two separate cases or move to amend his complaint to add Defendants Randall Chambers, Gary McCord, and Napolean Jones in CV 119-090 and voluntarily dismiss CV 119-199. Should Plaintiff fail to

respond to this Order, the Court will presume Plaintiff intends to proceed with CV 119-090 and CV119-199 as separate cases.

SO ORDERED this 12th day of December, 2019, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA